

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 15, 1967

Hon. Robert S. Calvert      Opinion No. M-134
Comptroller of Public Accounts
Austin, Texas      Re: Filing of tax liens
         pursuant to the pro-
         visions of House Bill
         80, Acts of the 60th
         Legislature, Regular
         Session, 1967, Chapter
Dear Mr. Calvert:      681, Page 1789.

Your request for an opinion poses the following questions:

"Can the Comptroller pay the County Clerk the recording fee in advance of recordation?

"Is the notice of State tax lien a type of instrument referred to in Article 3930 and if so, is it an instrument required to be filed in the personal property records or the real property records of the county or does it fall under Section 9 requiring merely a reasonable fee?

"Whether or not the filing and recording of the notice of State tax liens under Article 1.07 (Title 122A) shall be made at the expense of the County or at the expense of the State insofar as the filing fees, if any, are concerned?"

Article 3930, Revised Civil Statutes of Texas, 1925, as amended, providing for fees of county clerks was amended by House Bill 80, Acts of the 60th Legislature, Regular Session, Chapter 680, Page 1789. Article 3930 now provides that the county clerks shall receive certain fees for filing and recording including indexing each instrument, document, legal paper or record (exceptions not applicable) authorized, permitted or required to be filed and recorded in the real property records in the office of county clerk. You state in your request that you notified each county clerk in the State to submit their claims for recording fees on a purchase voucher for the purpose of paying such fees.

- 619 -

Article 4357, Vernon's Civil Statutes, provides:

"No warrant shall be prepared except on presentation to the warrant clerk of a properly audited claim, verified by affidavit to its correctness, the proper auditing of which claim shall be evidenced by the initials written thereon by the person auditing the same; and such claim so verified and audited shall be sufficient and the only authority for the preparation of a warrant or warrants. Provided, that any claim for the amount of Fifty Dollars ($50.00) or less may be presented for payment with or without the affidavit as set forth above; if such claim be presented for payment without such affidavit the claimant must certify under the penalties of perjury that to the best of his knowledge and belief the claim is true and correct, and upon such certificate the Comptroller may issue warrant in payment thereof. . . ."

Article 4344, Vernon's Civil Statutes provides:

"Among other duties the Comptroller shall:

". . . .

"Require all accounts presented to him for settlement not otherwise provided for by law to be made on forms prescribed by him, all such accounts to be verified by affidavit as to the correctness, and he may administer the oath himself in any case in which he may deem it necessary.

". . . ."

Article 3932 provides that no county clerk shall be compelled to file or record any instrument of writing permitted or required by law to be recorded until the payment or tender of payment of all legal fees for such filing or recording has been made. Prior to the enactment of House Bill 80, no fees were required to be paid by the State of Texas. Article 3912e, Sections 1 and 3, Vernon's Civil Statutes. House Bill 80 now requires fees to be paid by the State. However, House Bill 80 contains no provisions which amend or repeal the provisions of Articles 4344 or 4357. Therefore, it is our opinion that Article 3932, Article 3930, Article 4344 and 4357 must be construed together and each statute complied with. Therefore,

it is necessary before payment of a fee by the State that the county clerk present a claim to the Comptroller for services rendered in order to authorize the Comptroller to issue a warrant for the payment of services rendered to the State by the county clerk. The Comptroller is not authorized to issue a warrant in advance of the submitting of such a claim. Since such a claim could not be presented prior to the filing and recording by the county clerk, in answer to your first question, the Comptroller is not authorized to issue a warrant in payment of a recording fee in advance of recordation.

Your second question refers to the filing and recording of State tax liens pursuant to the provisions of Article 1.07 and 1.07A, Title 122A, Taxation General. Article 1.07 establishes for the State a preferred lien first and prior to any and all other existing liens. Article 1.07A provides:

"Every county clerk shall, at the expense of the county, provide a suitable well-bound book, to be called 'State Tax Liens,' upon which, on the filing of tax claims under the provisions of this Act, such clerk shall enter the name of such person, firm, corporation, association, joint stock company, syndicate, copartnership, agency, trustee, or receiver against whom the State has assessed such tax to be due, the date of assessment and the amount alleged to be due, noting therein the date and hour of such record. He shall at the same time enter it upon the alphabetical index to such state tax lien, showing the name of each person, firm, corporation, association, joint stock company, syndicate, copartnership, agency, trustee, or receiver liable for such tax and the number of the page of the book upon which the state tax lien is recorded. He shall leave a space at the foot of each such state tax lien for the entry of credits upon and satisfaction of such state tax lien, and shall enter the same when properly shown."

Article 1.07B provides:

"When any state tax lien has been so recorded and indexed, it shall, from the date of such record and index, operate as a lien upon all of the real estate of the person, firm, corporation, association, joint stock company, syndicate, copartnership, agency, trustee, or receiver situated in the county where such record and index are made, and upon all real

estate which such person, firm, corporation, association, joint stock company, syndicate, copartnership, agency, trustee, or receiver may thereafter acquire, situated in said county. Satisfaction of any state tax lien may be shown by a receipt, acknowledgment or release signed by a representative of the State agency that filed such lien, and acknowledged or proved for record as required for deeds."

In answer to your second question, in view of the provisions of Article 1.07A, you are advised that the "State Tax Lien" constitutes an instrument, document, legal paper or record, authorized, submitted or required to be filed in the real property records, within the meaning of Subdivision 2 of Section 1 of Article 3930, as amended by House Bill 80.

In answer to your third question, you are advised that Article 1.07A requires the county clerk to provide a suitable well-bound book to be called State tax liens and the maintenance of this book is at the expense of the county. This Article has no application to the amount of fees due the county clerk for filing and recording the liens presented to him by the State. Therefore, you are advised that the fee for filing and recording the notice of State tax liens is to be paid by the State by warrants issued by the Comptroller upon claims presented pursuant to Article 4357.

## S U M M A R Y

The State is required to pay filing and recording fees provided in Article 3930, Subdivision 2, as amended by House Bill 80, Acts of the 60th Legislature, where the State tenders for filing and recording State tax liens established pursuant to the provisions of Article 1.07, Title 122A, Taxation General. The Comptroller may not issue a warrant, however, for the payment of fees until a claim for such fees is filed with the Comptroller by the county clerk in compliance with Article 4357, Vernon's Civil Statutes. State tax liens should be recorded in the real property records.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

- 622 -

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

W. V. Geppert
John Grace
Raymond Gregory
Roger Tyler

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.